NEUMANN, PLAINTIFF AND APPELLANT, *v.* TRUJILLO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for the Annulment of Contracts and the Refund of Mesne Profits.

No. 1374.—Decided July 10, 1916.

COMPLAINT—CAUSE OF ACTION.—The allegations of a complaint determine the cause of action arising therefrom and not the name given to it by the parties.

ID.—PRAYER.—While as a rule the prayer of the complaint is not of great importance, still it may sometimes serve to show the purpose or end pursued by the plaintiff.

NULLITY OF SALE—COMMUNITY PROPERTY—CONSENT OF SPOUSE—EJECTMENT.— When an action is brought to annul the sale of certain joint interests made to the defendant by the wife of the father of the plaintiff because it involves the sale of ganancial property without the consent of the husband, and to

recover of the defendant restitution to the succession, of which the plaintiff is a member, of the possession of said joint interests and also a certain sum of money to be paid to the plaintiff as joint owner in the share of his father in the said joint interests, the action is one of ejectment and for annulment of title.

EJECTMENT—LIQUIDATION OF CONJUGAL PARTNERSHIP—CAUSE OF ACTION—COMMUNITY PROPERTY.—When a plaintiff suing in ejectment bases his right upon his hereditary interest in his father's estate without alleging that the conjugal partnership has been liquidated, the complaint does not state facts constituting a cause of action. The acquisition of property during the existence of the conjugal partnership is not sufficient to support an action of ejectment because the surplus belonging in equal shares to the two spouses cannot be determined until the common property has been liquidated.

The facts are stated in the opinion.

*Messrs. Gustavo Rodríguez* and *José G. Torres* for the appellant.

*Mr. Antonio F. Castro* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Adela Neumann, one of the heirs of Eduardo Neumann, filed a complaint in the District Court of Ponce in what was entitled an action for nullity, alleging among other facts that the wife of Neumann acquired by purchase while married to Neumann two condominiums in two plantations which were sold by her in 1906 without the consent of her husband to the firm of Trujillo, Mercado & Company and now belong to another firm called Trujillo & Mercado, specifying the amount of income which the said condominiums had produced since the time of the sale and claiming that a certain part thereof belonged to her as co-owner in the share of the condominiums which belonged to her father, Eduardo Neumann, and concluding with a prayer that the sale made by the wife and the subsequent transfers of the property be declared null and void and that the firm of Trujillo & Mercado be ordered to restore the possession of the said condominiums to the Succession of Eduardo Neumann and also to pay to the plaintiff, as Neumann's heir, a specific sum of money as her share of the products of the said property.

The defendants having demurred to the complaint on the

ground that it did not allege facts constituting a cause of
action, the court sustained the same and rendered judgment
dismissing the action. From that judgment the plaintiff ap-
pealed.

In this appeal the controversy of the parties centers upon
the kind of action brought by the plaintiff, for, while the
appellant contends that it is not an action of ejectment but
an action for nullity, the appellee maintains that it is an
action of ejectment and cannot be brought by the plaintiff
until the conjugal partnership of which Neumann was a
member has been liquidated and the said condominiums al-
lotted to his heirs.

In order to decide that question we must bear in mind
that it is the facts alleged in a complaint which determine
the kind of action brought and not the title given to it by
the parties. *Juncos Central Co.* v. *Rodríguez,* 16 P. R. R.
286.

Although the appellant claims in support of her contention
that her action for nullity arises from her allegation that
the wife had sold without the consent of her husband real
property which she acquired by purchase while married and
that she does not allege ownership of the property sold, which
allegation is indispensable in an action of ejectment; never-
theless, if the action were simply one for nullity, the plain-
tiff would not have alleged the amount of income which the
property had produced since it was sold by the wife and
claimed that a certain part thereof belonged to her as co-
owner in the share of her father in the said condominiums;
and although it is true that there is no express allegation
that the Succession of Neumann is the owner of the said
condominiums, this is deduced from the facts alleged, for in
averring that the wife of Neumann acquired the same by pur-
chase while married and sold them in 1906 without the consent
of her husband, she is alleging clearly that the said property
belongs to the conjugal partnership notwithstanding the said
sale, inasmuch as property acquired by either of the spouses

by onerous title, such as by purchase, is understood to be acquired for the conjugal partnership; and section 159 of the Civil Code, in force in 1906, provides that a sale of real property belonging to the conjugal partnership by one of the spouses without the express consent of the other is null and void. While as a rule the prayer of a complaint is not of great importance, yet it may serve at times to show the purpose and object of the plaintiff; and if in this case the plaintiff had not intended to bring an action of ejectment, she would not have prayed the court to adjudge that the firm of Trujillo & Mercado, the present possessors of the said condominiums, should restore the possession thereof to the Succession of Neumann and that the defendants, except the co-heirs, should pay to the plaintiff a specific sum of money as her share of the products of the said property.

We are therefore of the opinion that the plaintiff is suing in ejectment and also for the nullity of the title of the defendants, although the latter is not necessary in order that the former may prosper, because the title does not arise from a judgment of nullity inasmuch as it is pre-existent to the title of the defendants. Judgments of the Supreme Court of Spain of January 17, 1889, and February 13, 1892.

As to the action of ejectment, the complaint does not allege facts constituting a cause of action, for as it is not alleged that the conjugal partnership of Neumann and his wife had been liquidated and the said condominiums allotted to the heirs of the husband, the said heirs cannot be heard to claim that the court should adjudge that the property, or the products thereof, be delivered to his succession, and much less that a specific sum of money be paid to the plaintiff as her hereditary share of such products. In the cases of *Succession of Nieves* v. *Succession of Sánchez,* 17 P. R. R. 837, and *Succession of Morales* v. *Kieckoefer et al.,* 17 P. R. R. 889, the court cited with approval the judgment of the Supreme Court of Spain of May 11, 1889, in which it was said that "the acquisition of property during the con-

jugal partnership is not sufficient title upon which to found an action of ejectment, because no liquidation of common assets having preceded, the existence of a surplus corresponding to cne-half to each spouse cannot be affirmed.''

But although the plaintiff does not allege facts sufficient to support an action of ejectment, we are of the opinion that her allegations are sufficient for an action for the nullity of the title under which the defendants hold possession. She and the other heirs who have been made parties defendant because they refused to join her as parties plaintiff are the legal representatives of Neumann and as such have a cause of action for the nullity of the sale of the property acquired by the conjugal partnership and sold by the wife without the husband's consent. The title of the defendants being destroyed, the title of purchase by the wife may be included in the liquidation of the conjugal partnership, and at the proper time the person or persons to whom the said condominiums are allotted can bring suit in ejectment to recover them.

For the foregoing reasons the judgment appealed from should be reversed and the case proceeded with.

*Reversed and remanded for further proceedings.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.